IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS STAINBROOK, | ) | 4:07CV3196 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, FRANK | ) | |
| HOPKINS, DENNIS BAKEWELL, | ) | |
| COURTNEY MILLER, and | ) | |
| LINCOLN MOREHOUSE, | ) | |
| | ) | |
| Defendants.. | ) | |

The plaintiff, a prisoner at the Nebraska Department of Correctional Services' Lincoln Correctional Center, has been granted leave to proceed in forma pauperis and has paid his initial partial filing fee. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

The plaintiff, Curtis Stainbrook, alleges that he is deaf or hearing impaired and is at risk of injury or death at the Lincoln Correctional Center (LCC) because his segregation unit (A-1) is not equipped with a visual alarm system to warn him of fires or tornadoes. In administrative grievance forms attached to the complaint, Stainbrook also complains about the absence or inadequacy of assistive communication devices for telephone and television at LCC.

Stainbrook files this action under (1) § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, (2) § 202 of the Americans with Disabilities Act of 1990 (ADA), 42

U.S.C. § 12132, (3) the First Amendment, (4) the Fourth Amendment, (5) the Eighth Amendment, and (6) the Due Process Clause of the Fourteenth Amendment. The only relief requested is an award of "compensatory damages . . .for the physical and emotional injury or death sustained as a result of the plaintiff Curtis Stainbrook beating [sic]." (Complaint (filing 1), ¶ VI.C.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

### C. Discussion of Claims

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Stainbrook seeks only to recover money damages but does not allege that he has sustained any physical injury, his complaint fails to state a claim upon which relief can be granted against any defendant.

Technically, there is only one defendant in this action–the State of Nebraska. The United States Court of Appeals for the Eighth Circuit has held that "in order to

sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id.* Because Stainbrook does not specifically allege that the defendants are sued in their individual capacities, the suit is construed as being against the defendants in their official capacities (*i.e.*, against the State of Nebraska). In this regard, the defendant Robert Houston is identified as the Director of the Nebraska Department of Correctional Services; the defendant Frank Hopkins is identified as the Associate Director of the Department; the defendant Dennis Bakewell is identified as the Warden of the Lincoln Correctional Center; the defendant Courtney Miller is identified as a Case Manager at LCC; and the defendant Lincoln Morehouse is identified as a Corporal at LCC. (Complaint (filing 1), ¶ IV.A.)

The State of Nebraska cannot be sued for damages under 42 U.S.C. § 1983 for alleged constitutional violations, *see Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir. 1998) (absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability), but it is not necessarily immune from suit for damages under § 504 of the Rehabilitation Act, *see Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000) (state agencies or departments that accept federal funds waive Eleventh Amendment immunity to suits brought in federal court for violations of § 504), or under § 202 (Title II) of the ADA, *see United States v. Georgia*, 546 U.S. 151, 159 (2006) ("insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity") (emphasis in original). As discussed above, however, Stainbrook only alleges that he has suffered an emotional injury, which is not compensable under a provision of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e). This PLRA provision also prevents Stainbrook from amending his

complaint to sue the defendants in their individual capacities to recover damages for his alleged emotional distress.

Although Stainbrook obviously is not entitled to the relief requested in his complaint (*i.e.*, money damages), he may be entitled to obtain a declaration of his rights under the federal statutes and Constitution with respect to the alleged lack of visual alarms and assistive communication devices for telephone and television. If Stainbrook can establish in this respect that his federal statutory or constitutional rights have been violated by the defendants, then he may also be entitled to injunctive relief in the form of an order from this court that directs the defendants, in their official capacities, to take certain corrective action.

## II. LEAVE TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because it appears that Stainbrook might be entitled to declaratory and injunctive relief with respect to at least some of the claims alleged, he will be given an opportunity to file an amended complaint, if he so desires, that seeks declaratory and injunctive relief instead of money damages.[1] If Stainbrook elects to proceed with the action in manner, then he must set out in the amended complaint (1) exactly why it is that he believes his rights under the federal statutes and Constitution have been violated by each of the defendants and (2) exactly what it is that he wants this court to order each of the defendants to do, other than to pay him damages, in order to correct the situation. If an amended complaint is not filed by Stainbrook within the time allowed by the court, this case will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

---

[1] The court has not analyzed each of the six different legal theories that are listed in the complaint. If an amended complaint is filed, the court will complete its initial review and conduct such an analysis.

### III. APPOINTMENT OF COUNSEL

Stainbrook seeks the appointment of counsel. (Complaint (filing 1), ¶ VII.) However, the court cannot routinely appoint counsel in civil cases. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Having reviewed the complaint, the court finds that the request for appointment of counsel should be denied without prejudice to possible reassertion at a later date.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until December 3, 2007, to file an amended complaint for declaratory and injunctive relief.

2. If Plaintiff does not file an amended complaint by such date, then the court, without further notice, may dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

3. Plaintiff's request for appointment of counsel is denied without prejudice.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: "December 3, 2007: deadline for plaintiff to file amended complaint."

November 1, 2007.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge