IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS STAINBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3196 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, FRANK HOPKINS, DENNIS BAKEWELL, COURTNEY MILLER, and LINCOLN MOREHOUSE, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

    This matter is before the court on its own motion. On November 1, 2007, this court conducted an initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915A. (Filing No. 6.) At that time, this court informed Plaintiff that he was barred by sovereign immunity from recovering the money damages he requested in his Complaint. However, the court noted that Plaintiff may be entitled to declaratory or injunctive relief against Defendants and ordered Plaintiff to file an Amended Complaint by December 3, 2007 stating: (1) exactly why it is he believes his rights under the federal statutes and Constitution have been violated by each of the Defendants; and (2) exactly what it is that he wants this court to order each of the Defendants to do, other than to pay him damages, in order to correct the situation.

    On December 5, 2007, the court entered a Memorandum and Order noting that it appeared Plaintiff had been released from custody and ordering Plaintiff to either file an Application for Leave to Proceed In Forma Pauperis ("IFP") based on changed circumstances or pay the remaining balance of the $350.00 filing fee. (Filing No. 11.) The court's records indicate that Plaintiff paid the full $350.00 filing fee on December 7, 2007. Therefore, because Plaintiff is now a paid nonprisoner he is no

longer subject to the provisions of the Prison Litigation Reform Act ("PLRA") and service of process on the remaining Defendant can occur.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court shall send one summons form to Plaintiff, with a copy of this order. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law.

2. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

3. Plaintiff is hereby notified that failure to obtain service of process on a Defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such Defendant.

4. After an appearance has been filed by a Defendant, Plaintiff shall serve on the Defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, motion, or other document filed with the court. Plaintiff shall sign each document filed with the court and shall include a "Certificate of Service" stating the date a true and correct copy of such document was mailed to or otherwise served on a Defendant or the attorney of a represented Defendant. If Plaintiff does not sign the document or include a "Certificate of Service" showing that a copy was served on the other parties to the case, the court may strike the document from the record.

5.	A Defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.	The parties are bound by the Federal Rules of Civil Procedure and by the local rules of this court.

7.	The Clerk of the court is directed to set a pro se case management deadline using the following text: "May 2, 2008: deadline for service of summons by Plaintiff."

8.	Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

January 2, 2008.					BY THE COURT:

						*s/Richard G. Kopf*
						United States District Judge