IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS STAINBROOK, | ) | 4:07CV3196 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, FRANK | ) | |
| HOPKINS, DENNIS BAKEWELL, | ) | |
| COURTNEY MILLER, and | ) | |
| LINCOLN MOREHOUSE, | ) | |
| | ) | |
| Defendants. | ) | |

When the original complaint was filed in this matter, on July 30, 2007, the plaintiff, Curtis Stainbrook, was a prisoner at the Nebraska Department of Correctional Services' Lincoln Correctional Center (LCC). He sought to recover damages from the defendant prison officials for their alleged violations of (1) § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, (2) § 202 of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132, (3) the First Amendment, (4) the Fourth Amendment, (5) the Eighth Amendment, and (6) the Due Process Clause of the Fourteenth Amendment. Stainbrook alleged that he is deaf or hearing impaired and complained that he was at risk of injury or death at LCC because his segregation unit (A-1) was not equipped with a visual alarm system to warn him of fires or tornadoes. In administrative grievance forms attached to the complaint, Stainbrook also complained about the absence or inadequacy of assistive communication devices for telephone and television at LCC.

On initial review of the complaint, the court determined that the complaint failed to state a claim upon which relief could be granted because Stainbrook was only alleging emotional injury, which is not compensable under a provision of the

Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), and, with respect to the alleged constitutional violations, because the State of Nebraska cannot be sued for damages under 42 U.S.C. § 1983. However, Stainbrook was granted leave to file an amended complaint for declaratory and injunctive relief instead of damages. An amended complaint was filed on December 3, 2007.

This matter is now before the court on the defendants' motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In support of the motion, the defendants have filed an affidavit which establishes that Stainbrook was released from LCC on November 19, 2007, by reason of mandatory discharge. The defendants' motion to dismiss will be granted because the case is moot, and it does not appear that any exception to the mootness doctrine is applicable. *See Hickman v. Missouri*, 144 F.3d 1141 (8th Cir. 1998) (paraplegic prisoners' action alleging ADA violations in prison's facilities and services was mooted by their releases; district court lacked subject matter jurisdiction to issue declaratory relief).

IT IS ORDERED that:

1.   Defendants' motion to dismiss (filing 26) is granted.

2.   Final judgment shall be entered by separate document.

August 14, 2008.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge